UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY BARGER II,<br>aka GARY FRANCIS FISHER,<br>aka GARY DALE BARGER,<br><br>              Plaintiff,<br><br>     vs.<br><br>KERN COUNTY SUPERIOR COURT,<br>et al.,<br><br>              Defendants. | 1:17-cv-00424-AWI-GSA-PC<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF Nos. 1, 3.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.    BACKGROUND**

Sonny Barger II, aka Gary Francis Fisher, aka Gary Dale Barger ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 24, 2017, in the United States District Court for the Northern District of California. (ECF No. 1.) On March 13, 2017, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 3.) On March 22, 2017, this case was transferred to the Fresno Division of the Eastern District of California. (ECF No. 5.).

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III. ANALYSIS

A review of the cases filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.   See (1) Barger v. FBI, 1:13-cv-00535-DLB (E.D. Cal.) (dismissed November 21, 2013, for failure to state a claim); (2) Barger v. Casey, 2:13-cv-08889-UA-MAN (C.D. Cal.) (dismissed December 20, 2013, for failure to state a claim; (3) Fisher v. FBI, 1:13-CV-00414-LJO-SAB (E.D. Cal.) (dismissed July 26, 2013, for failure to state a claim); (4) Fisher v. Planet, 2:14-cv-02766-UA-MAN (C.D. Cal.) (dismissed April 17, 2014, for failure to state a claim); and (5) Fisher v. Bivens, 2:14-cv-01439-UA-MAN (C.D. Cal.) (dismissed March 6, 2014 for failure to state a claim).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm." Id. at 1057 n.11.

The court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews, 493 F.3d at 1053.   In the Complaint, Plaintiff alleges that his rights to due process were violated by the Kern County Superior Court, Kamala Harris hired an inept judge, Kings County Superior Court failed to notify him of a court date, his mail and property were confiscated, his television was deliberately broken, correctional officers failed to protect him from assault by another inmate, he was denied medical care, his wheelchair and two walkers were confiscated, and Defendants retaliated and

discriminated against him. The Complaint appears to span several separate transactions that occurred at different facilities. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. See id.

Therefore, Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

## **ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's motion to proceed *in forma pauperis* in this action is DENIED;
2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   April 7, 2017                                           _____
                                                                         SENIOR DISTRICT JUDGE